```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

MARIA CONNOR,                 )
                              )
        Plaintiff             )   CIVIL ACTION
                              )   FILE NO. 1:07-cv-00650-RLV
                              )
vs.                           )
                              )
                              )   ACTION UNDER THE
                              )   FAMILY AND MEDICAL
SUNTRUST BANK                 )   LEAVE ACT
                              )
        Defendant.            )
                              )   JURY TRIAL DEMANDED
                              )
_____)
```

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR SANCTIONS AGAINST DEFENDANT FOR DESTRUCTION OF EVIDENCE**

SunTrust's Response to Plaintiff's Motion for Sanctions is startling.  SunTrust now acknowledges that its executive Leslie Weigel (the key actor and decision-maker in this case) very likely violated the law by intentionally destroying a critical e-mail setting forth her (illegal) reasons for firing Connor – and she did so after she had been specifically directed by SunTrust counsel to retain any such e-mails.

This is a remarkable, but necessary, admission in this case.  SunTrust nonetheless claims that the Court should entirely ignore this event because it is not "conclusive" or absolutely certain that Weigel intentionally destroyed her critical document – and because SunTrust claims that it has conducted some unspecified "investigation" and has not found any

conclusive evidence that anything else (other than the critical e-mail) has been destroyed. SunTrust's fall-back request to be immunized from sanctions fails for a number of reasons.

First, Connor need not prove spoliation "conclusively" or with absolute certainty in this civil action that requires only a preponderance of the evidence, and SunTrust cites not a single case for its manufactured "conclusive evidence" burden. Second, based on the undisputed facts and admissions of SunTrust, it **is** indeed conclusive and certain that Weigel destroyed her e-mail after being instructed by counsel to preserve it. Third, with intentional destruction of evidence now established, SunTrust cannot avoid a sanction simply by claiming that it has conducted an unspecified investigation and has not found "conclusive evidence" of more evidence destruction.

As set forth below, SunTrust's actions warrant a substantial sanction. Indeed, on less serious facts than intentional destruction of critical documents, courts have entered default judgments against Defendants.

## STATEMENT OF UNDISPUTUED FACTS

SunTrust's response (along with the other evidence of record in this case) establishes the following undisputed facts:

1. On February 21, 2007, SunTrust received a letter from Connor's attorney putting it on notice of Connor's FMLA claims. (SunTrust Response, p. 6)

2. As of that date, SunTrust admits it had an obligation to "preserve all documents… relating to Plaintiff's allegations, including electronic documents such as email" (SunTrust Response, pp. 7-8; Connor's Opening Brief, Exh. E, p. 1)

3. SunTrust's counsel took steps to inform individuals (including decision-maker Leslie Weigel) of this document preservation obligation.  (SunTrust Response, pp. 7-8; Connor's Opening Brief, Exh. E, p. 1)

4. At the time that decision-maker Weigel was informed of her document preservation obligation, she knew that she had sent a February 12, 2007 e-mail that was not only relevant, but critical to the case – as it set forth the true reasons that Connor was fired.  (Weigel had stripped Connor of most of her job while Connor was on FMLA leave, leaving Connor with too few direct reports to justify keeping her position.)   (Weigel Dep., pp. 273-76 and Exh. 13; Opening Brief, Exh. E, pp. 1-2; SunTrust Response, p. 6)

5. At the time that Weigel was informed of her document preservation obligations, she was aware that (if she did

3

not preserve it) the February 12 e-mail would be destroyed within 30 days (or by March 14, 2007) by SunTrust's e-mail destruction process. (Weigel Dep., p. 276)

6. Despite her document preservation obligations – and with full knowledge that important evidence in this case would be destroyed – Weigel intentionally chose to not preserve the evidence and to allow it to be forever destroyed. (Weigel Dep., p. 276; SunTrust Response, pp. 11-12)

There is only one logical conclusion that can be reached from Weigel's decision to ignore the instructions of her attorney to preserve relevant documents.  Weigel knew that the evidence she had created was damaging to SunTrust's case here and she wanted to get rid of it.

Most tellingly, neither SunTrust nor Weigel **ever** deny that Weigel intentionally destroyed the critical evidence.  The Court can scour SunTrust's Response Brief and the accompanying Declaration from Weigel and never find such a denial.  In other words, while Connor has pointed to compelling evidence that Weigel of intentionally destroying the e-mail -- and while Weigel has submitted a sworn Declaration to the Court in response to this Motion – her Declaration **does not even try to**

***address or deny this allegation of unlawful conduct***.  Weigel's Declaration:

- Never denies that she received an instruction to preserve documents – as alleged by SunTrust's in-house counsel;
- Never denies that – at the time she received the instruction – she knew that she had sent the telling and fatal February 12 e-mail;
- Never denies that she looked for and found the February 12 e-mail on her system; and
- Never denies that she intentionally chose to not preserve and produce it to her counsel – and to instead destroy it.

There is a reason that neither SunTrust nor Weigel want her testifying on the only issue that matters here – both know that she would have to confirm her destruction of evidence.

Despite the undisputed and compelling facts, however, SunTrust maintains that it should suffer ***no*** adverse consequences from its intentional decision to destroy documents.  Its position is simply wrong.  Indeed, unless a sanction is levied against SunTrust, it will suffer no penalty whatsoever for its clear destruction of evidence – and will have no reason to be

deterred in the future from engaging in precisely the same conduct.[1]

## ARGUMENT AND CITATION OF AUTHORITY

With intentional destruction of evidence established, the only question that remains is determining the appropriate sanction. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 945 (11th Cir. 2005). As discussed in Connor's Opening Brief, such a sanction rests within the discretion of this Court and may include: (1) dismissal of the case; (2) exclusion of testimony; or (3) a jury instruction which raises a presumption against the spoliator. Id. Sanctions may also include substantial monetary sanctions are appropriate. Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 78 (S.D.N.Y. 1991); United States v. Philip Morris USA, Inc., 327 F. Supp. 2d 21, 26 (D.D.C. 2004).

Whatever sanctions are chosen must serve dual purposes. They must "serve both punitive and remedial purposes [by deterring] spoliation and compensate[ing] the opposing party for the additional costs incurred." Turner, 142 F.R.D. at 78.

It bears mention that, under facts less egregious than those at issue here, courts have stricken pleadings as a

---

[1] Such a result would be entirely inconsistent with Federal discovery rules and the rationale behind sanctions law. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980) ("sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.")(internal marks omitted).

6

sanction. Indeed, such a sanction has been issued for simply withholding (rather than destroying) relevant evidence. See e.g., ClearValue, Inc. v. Pearl River Polymers, Inc., 242 F.R.D. 362, 382 (N.D. Tex. 2007) (striking the pleadings of a party that intentionally withheld relevant evidence – finding that no lesser sanction was adequate to deter the conduct).[2] Yet Connor is presently asking for less severe sanctions.

One sanction that is certainly appropriate is an "adverse inference" instruction – which, at a minimum, advises the jury of SunTrust's unlawful actions here. See e.g., ClearValue, 242 F.R.D. at 374 (making clear that sanctions for discovery violations such as failure to disclose critical documents "may include informing the jury of the failure to make the

---

[2] In its Argument section, SunTrust ignores this law, and instead relies heavily on authority from other Circuits that it claims excuse it from sanctions here. Unfortunately, SunTrust ignores the most salient points in the cases it cites. For example, SunTrust repeatedly cites Consolidated Aluminum Corp v. Alcoa, Inc., 244 F.R.D. 335, 2006 U.S. Dist LEXIS 66642 (M.D. La. 2006) as support for its position that it should not be sanctioned here. (SunTrust Brief, pp. 18-19)  What SunTrust does not mention, however, is that the court in Consolidated Aluminum severely sanctioned Alcoa for negligent conduct (failing to give document preservation instructions) that was *less serious* than the intentional destruction of important evidence that is presented here. Id. at *36. While severely sanctioning Alcoa, the Court declined to give an "adverse inference instruction" because it did not find that Alcoa had acted in bad faith or with a "culpable state of mind." Id. at *30 - *36. As set forth above, in contrast to Consolidated Aluminum, Weigel did act with the express intent to destroy important evidence.

disclosure.")  (citing Fed. R. Civ. P. 37(c))  Such an instruction to the jury ensures that a party (like SunTrust) that attempts to destroy relevant evidence suffers a proportional and appropriate penalty for the conduct – and is deterred from engaging in the conduct in the future.

SunTrust spends much of its Brief attempting to avoid this appropriate sanction – and it relies on two principle arguments to steer clear of it.  (SunTrust Brief, pp. 15-25)  First, as discussed above, SunTrust argues that it should not be sanctioned because Connor has not "established conclusively" that Weigel destroyed the e-mail.  (SunTrust Brief, p. 17)  According to SunTrust's argument, while Weigel does not say so, there is a theoretical "possibility" that she did not cause the intentional destruction of the e-mail – and that theoretical possibility prevents sanctions here.[3]  (SunTrust Brief, p. 12)

---

[3] More specifically, according to SunTrust, it is theoretically possible that Weigel might have gone into her "Sent Items" folder, deleted the fatal e-mail, and then gone into her "Deleted Items" folder, and deleted the fatal e-mail again – all during the few days before she was put on notice by her attorney of her obligation to preserve documents.  The problem with SunTrust's contention, of course, is that Weigel disagrees with SunTrust that this scenario was possible.  And SunTrust wisely did not ask Weigel to testify that she had deleted the email before she was contacted by counsel as SunTrust and Weigel know that she did not do so. Thus, the illogical chain of events asserted by SunTrust in a brief as a possibility is not one that Weigel contends is possible – obviously, because she knows that she did not delete the email before being contacted by counsel and does not wish to compound her wrongs by perjuring herself before this Court.  That Weigel intentionally destroyed the e-

8

To state what may be obvious, SunTrust is wrong that Connor's burden is to "establish conclusively" Weigel's destruction. SunTrust cites no authority for this contention – and the case law is to the contrary. See <u>United States v. Koch Industries</u>, 197 F.R.D. 463, 486 (N.D. Ok. 1998) (stating that plaintiff's burden of proof is to "establish by a preponderance of the evidence that defendant destroyed computer files intentionally or with bad faith."); <u>United States v. Krause (In re Krause)</u>, 367 B.R. 740, 764 (D. Kan. 2007) (party alleging spoliation "must carry her burden by a preponderance of the evidence.") Further, of course, regardless of the evidentiary standard, the evidence is not only overwhelming, but undisputed, that Weigel intentionally destroyed the February 12 e-mail after receiving notice of Connor's FMLA claim.

Second, recognizing the overwhelming evidence of spoliation, SunTrust argues that it *still* should not suffer any adverse consequences from its intentional destruction of evidence because Connor is unable to prove that any other relevant e-mails or electronic data was actually destroyed. According to SunTrust, it has "extensively investigated" Connor's allegations – and it has not been able to find any

---

mail after being directed to preserve it is indeed legally undisputed in this case.

"evidence whatsoever" that there were other e-mails that were destroyed. (SunTrust Brief, pp. 12-13)

There are two problems with this second argument from SunTrust. First, the Court need not find additional destruction of evidence to instruct the jury on SunTrust's improper action here. To the contrary, the discovery rules expressly contemplate – as a sanction – an instruction to the jury informing them of discovery abuses. See e.g., ClearValue, 242 F.R.D. at 374.

Second, SunTrust's position that **Connor** must prove additional destruction in order to sanction SunTrust here turns the law (and relevant burdens) upside down. Because it is now clear that SunTrust destroyed evidence – it (rather than Connor) must bear the burden of proving that nothing else was destroyed and that there was no other prejudice to Connor. See Hynix Semiconductor, Inc. v. Rambus Inc., 2006 U.S. Dist. LEXIS 30690 (N.D. Cal. 2006) ("if spoliation is shown, the burden of proof logically shifts to the guilty party to show that no prejudice resulted from the spoliation. The reason is that it is in a much better position to show what was destroyed and should not be able to benefit from its wrongdoing."). See also Anderson v. Cryovac, Inc., 862 F.2d 910, 925 (1st Cir. 1988); National Association of Radiation Survivors v. Turnage, 115 F.R.D. 543, 557 (N.D. Cal. 1987) (same).

SunTrust does not do a single thing to carry its burden. While it baldly asserts in its brief that it "extensively investigated" the allegations of spoliation and "found no evidence whatsoever to establish conclusively" that anything else was destroyed, it does not offer a single factual detail of this investigation or how it determined the lack of other relevant electronic evidence.[4]  (SunTrust Brief, p. 12)  Not only has SunTrust not offered a single piece of evidence to support its alleged "extensive investigation" – it has steadfastly refused to provide any relevant facts to Connor that bear on what other electronic information might have been destroyed. (See Opening Brief, pp. 10-16)[5]

---

[4] The only actual "fact" that it proffers to support its allegation that there was no other electronic evidence that was destroyed is a single statement by Weigel who claims that she did not send any other e-mail messages.  (SunTrust Brief, p. 20) Thus, the Court (along with Plaintiff) is left to rely solely on the unsupported claim of Weigel (who the evidence shows has intentionally destroyed critical evidence) to conclusively prove that neither she nor anyone else destroyed any other document.
[5]  Of course, as set forth in Connor's Opening Brief, the probable loss of other relevant e-mails is only one way in which Connor has been prejudiced.  A second way is that Connor has lost all of the electronically stored information regarding the February 12 e-mail because of Weigel's improper deletion of it. (See Opening Brief, p. 15)  While SunTrust claims that this was not prejudice – because Connor did not ask for electronic information – it is simply wrong.  See e.g. Connor's Document Request No. 1 (stating, in relevant part "This Request, and all other Requests, expressly includes a Request for both paper and electronic records (also known as electronically stored information).")

11

Based on all of the above, Connor respectfully requests that the Court exercise its discretion to inform the jury in this matter about SunTrust's intentional destruction of evidence.[6] In addition, Connor respectfully requests that the Court impose the following additional requirements on SunTrust to ensure that Plaintiff is not prejudiced by SunTrust's actions and to ensure that SunTrust is appropriately deterred in the future:

1. Require SunTrust to identify to the Court and Plaintiff all steps taken to "extensively investigate[]" Plaintiff's allegations of spoliation and to support the statement that there was no "relevant document [that] existed at the time the Company received Plaintiff's demand letter but was subsequently destroyed" as alleged in SunTrust's Brief at page 12; and

2. Order SunTrust to pay Connor's attorneys' fees incurred in connection with conferring with SunTrust on this matter and filing this Motion. As indicated in Connor's Opening Brief, such a sanction is warranted under both the inherent power of this Court

---

[6] Again, as indicated in her Opening Brief, Connor intends shortly to file a Motion for Summary Judgment on her FMLA claim. If such a Motion is successful, such a jury instruction would be provided in the context of any trial on damages.

and under Fed. R. Civ. P. 37.  Further, the Court would be well within its discretion to Order SunTrust to pay double these fees and costs to Connor as an additional monetary sanction as a penalty for its actions.  Courts have ordered such sanctions on numerous occasions -- even when not ordering other sanctions.  See Capellupo v. FMC Corp., 126 F.R.D. 545, 553 (D. Minn. 1989) (double costs and attorneys fees).  See also United States v. Philip Morris USA, Inc., 327 F. Supp. 2d 21, 26 (D.D.C. 2004) (ordering a party to pay a monetary sanction of $250,000 for each employee who failed to retain relevant documents – in the total amount of $2,995,000 – and holding that the monetary sanction was "particularly appropriate" under the facts.)

## CONCLUSION

It is now undisputed that a member of SunTrust's senior management (and the decision-maker in this case) destroyed the most relevant document in this case in an effort to hide illegal conduct.  Such destruction merits serious sanctions – and for this reason, Plaintiff respectfully respects that the Court enter sanctions against SunTrust.

                Respectfully submitted,


                <u>s/Thomas J. Munger</u>
                Georgia Bar No. 529609


                <u>s/Benjamin A. Stone</u>
                Georgia Bar No. 683850

                Attorneys For Plaintiff


MUNGER & STONE, LLP
999 Peachtree Street, N.E.
Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0829
Facsimile:  (404) 815-4687
E-mail:  ben.stone@mungerandstone.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Courier New, 12 point font, as permitted by Local Rule 5.1B


                              Respectfully submitted,


                              s/Benjamin A. Stone
                              Georgia Bar No. 683850


Munger & Stone, LLP
999 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-1884
Facsimile: (404) 815-4687
Email:  ben.stone@mungerandstone.com

```
              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

MARIA CONNOR,                  )
                               )
        Plaintiff              )   CIVIL ACTION
                               )   FILE NO. 1:07-cv-00650-RLV
                               )
vs.                            )
                               )
                               )   ACTION UNDER THE
                               )   FAMILY AND MEDICAL
SUNTRUST BANK                  )   LEAVE ACT
                               )
                               )
                               )   JURY TRIAL DEMANDED
        Defendant.             )
_____ )
```

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed "PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR SANCTIONS AGAINST DEFENDANT FOR DESTRUCTION OF EVIDENCE" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Robert Steven Ensor, Esq. and Alicia Starkman, Esq.

This 30th day of November, 2007.

                                s/Benjamin A. Stone
                                Georgia Bar No. 683850

MUNGER & STONE, LLP
999 Peachtree Street, N.E.
Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0829
Facsimile:  (404) 815-4687
E-mail:  ben.stone@mungerandstone.com